UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| Tracy McClary, | Civil Action No.: 12cv1110 |
| Plaintiffs, | |
| v. | Complaint |
| National Asset Management, LLC, | |
| Defendant. | |

_____

## INTRODUCTION

1. Plaintiff Tracy McClary brings this action for statutory damages resulting from the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices while attempting to collect a debt.

## JURISDICTION AND VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this District arises pursuant to 28 U.S.C. § 1391(b) since Defendant National Asset Management, LLC transacts business in this District and the conduct complained of occurred in this District.

4. Plaintiff Tracy McClary is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant National Asset Management, LLC, (hereinafter "NAM") is a foreign limited liability company organized and existing under the laws of the State of Pennsylvania. NAM is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. The Defendant regularly attempts to collect debts alleged to be due another.

7. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

8. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## **FACTUAL ALLEGATIONS**

9. That Plaintiff Tracy McClary is alleged to have incurred and defaulted on a debt. Said alleged debt will hereinafter be referred to as "the subject debt".

10. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. On or about October 29, 2012, Defendant made initial contact to Plaintiff by telephone and left an answering machine message on Plaintiff's cellular telephone voicemail. Said message read substantially as follows:

*"at 866-202-5804. Again, that number is 866-202-5804. Thank you."*

12. Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

13. During said communication, Defendant failed to disclose the name of the debt collection representative leaving the message, the name of the debt collection

2

agency the debt collection representative represents, and that they are a debt collector attempting to collect a debt and any information obtained would be used for that purpose.

14. During said communication, Defendant failed to state the amount of the subject debt.

15. Defendant failed to state, in a written notice within five days of said initial communication, the amount of the subject debt.

16. During said communication, Defendant failed to state the name of the creditor to whom the subject debt is owed.

17. Defendant failed to state, in a written notice within five days of said initial communication, the name of the creditor to whom the subject debt is owed.

18. During said communication, Defendant failed to state that unless Plaintiff, within thirty days, disputes the validity of the subject debt, or any portion thereof, the subject debt will be assumed to be valid by the Defendant.

19. Defendant failed to state, in a written notice within five days of said initial communication, that unless Plaintiff, within thirty days after receipt of said notice, disputes the validity of the subject debt, or any portion thereof, the subject debt will be assumed to be valid by the Defendant.

20. During said communication, Defendant failed to state that if Plaintiff notifies the Defendant, in writing, within thirty days, that the subject debt, or any portion thereof, is disputed, the Defendant will obtain verification of the subject debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by the Defendant.

21. Defendant failed to state, in a written notice within five days of said initial communication, that if Plaintiff notifies the Defendant, in writing, within thirty days after receipt of said notice, that the subject debt, or any portion thereof, is disputed, the Defendant will obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by the Defendant.

22. During said communication, Defendant failed to state that if Plaintiff requests from the Defendant, in writing, within thirty days, the name and address of the current creditor of the subject debt, the Defendant will provide the Plaintiff with the name and address of the original creditor of the subject debt, if different from the current creditor of the subject debt.

23. Defendant failed to state, in a written notice within five days of said initial communication, that if Plaintiff requests from the Defendant, in writing, within thirty days after receipt of said notice, the name and address of the current creditor of the subject debt, the Defendant will provide the Plaintiff with the name and address of the original creditor of the subject debt, if different from the current creditor of the subject debt.

24. On or about November 1, 2012, Defendant made contact to Plaintiff by telephone and left an answering machine message on Plaintiff's cellular telephone voicemail. Said message read substantially as follows:

"*at 866-202-5804. Again, that number is 866-202-5804. Thank you.*"

25. Said contact is a "communication" as that term is defined by 15 U.S.C. §1692a(3).

26. During said communication, Defendant failed to disclose the name of the debt collection representative leaving the message, the name of the debt collection agency the debt collection representative represents, and that they are a debt collector.

## **CAUSES OF ACTION**

27. The aforementioned acts of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

28. Defendant violated 15 U.S.C. §1692e(11) on or about October 29, 2012, in the verbal communication made that day, by failing to state an attempt to collect a debt by a debt collector and any information would be used for that purpose.

29. Defendant violated 15 U.S.C. §1692d(6) on or about October 29, 2012, in the verbal communication made that day, by failing to disclose the name of the debt collection representative leaving the message, the name of the debt collection agency the debt collection representative represents, and that they are a debt collector.

30. Defendant violated 15 U.S.C. §1692g(a)(1) on or about October 29, 2012, by failing to state in the initial communication with Plaintiff, or in a written notice within five days of the initial communication, the amount of the subject debt.

31. Defendant violated 15 U.S.C. §1692g(a)(2) on or about October 29, 2012, by failing to state in the initial communication with Plaintiff, or in a written notice within five days of the initial communication, the name of the current creditor to whom the subject debt is owed.

32. Defendant violated 15 U.S.C. §1692g(a)(3) on or about October 29, 2012, by failing to state in the initial communication with Plaintiff, or in a written notice within five days of the initial communication, that unless Plaintiff, within thirty days after receipt

of said notice, disputes the validity of the subject debt, or any portion thereof, the subject debt will be assumed to be valid by the Defendant.

33.     Defendant violated 15 U.S.C. §1692g(a)(4) on or about October 29, 2012, by failing to state in the initial communication with Plaintiff, or in a written notice within five days of the initial communication, that if Plaintiff notifies the Defendant, in writing, within thirty days after receipt of said notice, that the subject debt, or any portion thereof, is disputed, the Defendant will obtain verification of the subject debt or copies of a judgment against Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by the Defendant.

34.     Defendant violated 15 U.S.C. §1692g(a)(5) on or about October 29, 2012, by failing to state in the initial communication with Plaintiff, or in a written notice within five days of the initial communication, that if Plaintiff requests from the Defendant, in writing, within thirty days after receipt of said notice, the name and address of the current creditor of the subject debt, the Defendant will provide the Plaintiff with the name and address of the original creditor of the subject debt, if different from the current creditor of the subject debt.

35.     Defendant violated 15 U.S.C. §1692e(11) on or about November 1, 2012, in the oral communication made that day, by failing to identify itself as a debt collector.

36.     Defendant violated 15 U.S.C. §1692d(6) on or about November 1, 2012, in the verbal communication made that day, by failing to disclose the name of the debt collection representative leaving the message, the name of the debt collection agency the debt collection representative represents, and that they are a debt collector.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a) Statutory damages for the Plaintiff of $1,000.00 per debt, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(b) Costs and disbursements of this action, along with reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3); and

(c) For any and all additional relief as this Court deems just and proper.

## JURY DEMAND

Please take notice that Plaintiff demands a trial by jury in this action.

Date: November 12, 2012

Respectfully submitted,

/s/ Cyrus B. Chubineh

Cyrus B. Chubineh, Esq.
P.O. Box 714
Getzville, NY 14068
chubineh@yahoo.com
Tel: 716-864-0715
Fax: 716-478-8540
Attorney for Plaintiff